Filed 1/7/21  P. v. Villanueva CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL VILLANUEVA,<br><br>Defendant and Appellant. | F079910<br><br>(Super. Ct. No. BF161323A)<br><br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Peña, J. and Smith, J.

1

Defendant Miguel Villanueva contends on appeal that his six one-year prior prison term enhancements should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancements should be stricken. We strike the prior prison term enhancements, direct the trial court to prepare an amended abstract of judgment, and affirm in all other respects.

## PROCEDURAL SUMMARY[2]

On October 16, 2015, the Kern County District Attorney filed an information charging defendant with 27 felonies. In counts 1 through 10, Villanueva was charged with the attempted murder of 10 officers (§§ 187, subd. (a), 664), and in counts 11 through 20, he was charged with assault on a peace officer with a semiautomatic weapon, as to the same officers (§ 245, subd. (d)(2)). As to each attempted murder charge, the information further alleged defendant knew the victims were peace officers (§ 664, subd. (e)(1)), personally used and discharged a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (c)), and had suffered three prior prison terms (§ 667.5, subd. (b)). As to each assault charge, the information alleged the same firearm and prior prison term allegations. Further:

> "[Defendant] was also charged with seven additional felonies: unlawfully discharging a firearm at a motor vehicle (count 21; § 246), two counts of unlawfully discharging a firearm at an inhabited dwelling (counts 22-23; § 246), discharging a firearm in a grossly negligent manner that could result in death or injury (count 24; § 246.3, subd. (a)), evading a police officer (count 25; Veh. Code, § 2800.2), unlawfully driving a vehicle without the owner's consent (count 26; Veh. Code, § 10851, subd. (a)), and possession of a firearm by a felon (count 27; § 29800, subd. (a)(1)). Each

---

**1** All further statutory references are to the Penal Code unless otherwise stated.

**2** On March 27, 2019, this court issued a prior opinion in *People v. Villanueva* (F073895) [nonpub. opn.]. On our own motion, we take judicial notice of the opinion in that case. (Evid. Code, §§ 452, subd. (d), 459.)

of these charges was accompanied by three prior prison term sentence enhancements (§ 667.5, subd. (b)).”

The jury acquitted defendant of five counts of attempted murder, but found defendant guilty on the other five counts of attempted murder. The jury further found defendant guilty of nine counts of assault on a peace officer with a semiautomatic weapon, and one count of the lesser included offense of assault on a person with a semiautomatic weapon (§ 245, subd. (b)). The jury also found defendant guilty of the other seven felony counts and found true all of the enhancement allegations, except for the prior prison term enhancements. In a bifurcated trial, the trial court found true two of the three prior prison term allegations. The prior prison terms found true were served for convictions of evading a police officer (Veh. Code, § 2800.2) and for bringing or sending contraband into a Youth Authority facility (Welf. & Inst. Code, § 1001.5).

Defendant was sentenced to 75 years to life, plus 180 years.

The Court of Appeal reversed the convictions on counts 3, 7, and 8, and remanded the matter to the trial court for the People to elect whether to retry defendant on counts 7 and 8, and for the trial court to exercise its new discretion pursuant to Senate Bill No. 620 (2017–2018 Reg. Sess.), which granted trial courts the discretion to strike firearm enhancements if justice so requires. (§§ 12022.5, subd. (c), 12022.53, subd. (h).) (Stats. 2017, ch. 682, § 1.)

On remand, the People elected not to retry defendant on counts 7 and 8, and the trial court declined to strike any of the imposed firearm enhancements. The trial court then resentenced defendant to a term of 30 years to life, plus 133 years four months[3] as

---

**3** The People correctly noted that the trial court erroneously calculated the aggregate sentence at 30 years to life, “plus *131 years*, four months.” The abstract of judgment correctly reflects the aggregate sentence—30 years to life, plus 133 years four months. The People further correctly note that although the court’s oral pronouncement of sentence generally controls, the “abstract of judgment [may] prevail over the reporter’s transcript” under appropriate circumstances. (*People v. Cleveland* (2004) 32 Cal.4th 704,

3

follows: on counts 1 and 4, 15 years to life, plus a 20-year firearm enhancement (§ 12022.53, subd. (c)) and two one-year prior prison term enhancements (§ 667.5, subd. (b)); on count 12, two years, plus three years four months for the gun enhancement (§ 12022.5); on counts 13, 16, 17, 19, and 20, two years four months, plus six years eight months for the gun enhancement (§ 12022.53, subd. (c)); on count 15, nine years, plus a 20-year firearm enhancement, plus two one-year prior prison term enhancements; on counts 21 through 24, one year eight months; and on counts 25 and 26, eight months.

On August 28, 2019, defendant filed a notice of appeal.

## DISCUSSION

Defendant argues his six prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed six one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of evading a police officer (Veh. Code, § 2800.2) and bringing or sending contraband into a Youth Authority facility (Welf. & Inst. Code, § 1001.5), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020,

768; *People v. Smith* (1983) 33 Cal.3d 596, 599.) Because the trial court's arithmetic was incorrect in aggregating the numerous terms, but the abstract of judgment is correct, we resolve the discrepancy in favor of the abstract of judgment.

defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore strike defendant's six prior prison term enhancements (from counts 1, 4, and 15).

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, where a trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court imposed the maximum possible sentence and therefore remand is unnecessary. Accordingly, we strike the six prior prison term enhancements and direct the trial court to prepare an amended abstract of judgment.

## DISPOSITION

Defendant's six prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.